**E-Filed 6/2/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CUPERTINO UNION SCHOOL DISTRICT, <br><br> Defendant. | Case Number C 05-04618 JF <br><br> ORDER[1] (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD <br><br> [re: docket nos. 20, 21] |

**I. BACKGROUND**

Plaintiffs are currently and have been residents of Cupertino, California since November, 2003. Plaintiff SM has been diagnosed with autism and, at the time the First Amended Complaint ("FAC") was filed, was seven years old.[2] In December, 2003, SM was enrolled by Defendant Cupertino Union School District ("District") and was placed in Dilworth Elementary

---

[1] This disposition is not designated for publication and may not be cited.

[2] Plaintiffs note that SM is now eight and a half years old. Opposition to Motion for Judgment on the Pleadings, p. 2.

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

1  School for a thirty-day administrative period. FAC, Ex. A, p. 2 (August 12, 2005 Decision of the
2  California Special Education Hearing Office). SM's parents believed that this placement was
3  inappropriate, and chose instead to enroll SM in The Bay School, a certified California non-
4  public school located in Santa Cruz, California. *Id.*, p. 2; Complaint ¶ 8; Answer ¶ 8. For the
5  2004 extended school year ("ESY), the 2004-2005 school year, the 2005 ESY, and the 2005-
6  2006 school year, the District offered to place SM in programs at Dilworth that Plaintiffs
7  believed were a denial of their right to a free appropriate public education ("FAPE") for SM.
8  FAC, Ex. A, p. 2.

9        In June, 2005, Plaintiffs challenged the adequacy of the District's placement offers in a
10 due process hearing before the California Special Education Hearing Office ("SEHO").
11 Plaintiffs argued that because the District is unable to meet SM's particular educational needs,
12 SM's appropriate placement is The Bay School. Plaintiffs sought an order requiring
13 reimbursement for the costs of SM's enrollment at The Bay School from June 2, 2004 through
14 the end of the 2005 ESY and additional consultation services, and placing SM at The Bay School
15 for the 2005-2006 school year. On August 12, 2005, SEHO Hearing Officer issued a decision
16 finding that the District had offered a FAPE for the 2004 ESY, the 2004-2005 school year, the
17 2005 ESY, and the 2005-2006 school year, except for its failure to provide additional special
18 services during the transition to the District's school and on an ongoing basis. The Hearing
19 Officer thus denied Plaintiffs' requests for reimbursement and placement in The Bay School.

20       On November 10, 2005, Plaintiffs filed a "First Amended Complaint for Violations of
21 Rights and Relief under IDEA; Appeal Pursuant to 20 U.S.C. § 1400 *et seq*." The District now
22 moves for judgment on the pleadings with respect to Plaintiffs' claim that the District has not
23 implemented the Individualized Education Program ("IEP") ordered by the SEHO Hearing
24 Officer. Plaintiffs move for leave to conduct discovery and supplement the record. Both
25 motions are opposed. The Court heard oral argument on June 2, 2006.

26
27
28

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING
PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

## II. DISCUSSION

**A.     The District's Motion for Judgment on the Pleadings**

The standard applicable to a motion for judgment on the pleadings is essentially the same as that applicable to a motion to dismiss. In reviewing a motion for judgment on the pleadings, the Court views the facts presented in the light most favorable to the plaintiff, accepting as true all the allegations in the complaint and treating as false those allegations in the answer that contradict the plaintiff's allegations. *Hoeft v. Tucson Unified School District*, 967 F.2d 1298, 1301 n. 2 (9th Cir. 1992); *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 479 (C.D. Cal. 1993).

The District argues that Plaintiffs' claims with respect to the alleged failure of the District to implement the IEP ordered by the SEHO Hearing Officer should be dismissed for failure to exhaust administrative remedies. While Plaintiffs do not allege the District's failure to implement the necessary IEP as a separate claim, Plaintiffs' FAC and appeal includes general allegations with respect to this alleged failure and a request for relief related to these allegations. Plaintiffs indicate that the "subject of this appeal" is:

> the DISTRICT's failure to address and/or meet SM'S unique and individual needs during the 2004 ESY, 2004-2005 school year, and 2005 ESY; and failure to address SM'S unique and individual educational/behavioral needs in planning for the 2005-2006 school year, *and in appropriately implementing the 2005-06 IEP ordered*; and the hearing officer's failures to assess and order an adequate remedy to address the failures of the DISTRICT to plan for or to provide a FAPE to SM during the relevant time periods herein.

FAC ¶ 11 (emphasis added). They allege that the District has not implemented the SEHO Hearing Officer's order and request as a remedy that this Court order an extended transitional period at The Bay School:

> The DISTRICT has failed to adequately provide or implement an appropriate transition in a timely manner to a DISTRICT provided individualized educational/behavioral program, in order to implement the program ordered as appropriate for the 2005-2006 school year for SM by the Hearing Officer below; thus the parents request from this Court an order to extend the transitional period at The Bay School, with related services thereto, until such time as the requisite individualized educational/behavioral program has been planned for, and new staff have been sufficiently identified, trained and experienced in working with SM, in order to provide the program he specifically requires at the DISTRICT site.

3
Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

FAC ¶ 15; Request for Relief 8.

The Individuals with Disabilities Education Act ("IDEA")[3] allows "a party who has been aggrieved by the findings and decision" of a due process hearing to bring a civil action in state or federal court. 20 U.S.C. § 1415(i)(2). However, before a plaintiff may bring suit based on a violation of his or her right to a FAPE, "a complainant must normally exhaust the due process hearing procedures required by 20 U.S.C. § 1415." *Porter v. Board of Trustees of Manhattan Beach Unified School Dist.*, 307 F.3d 1064, 1069 (9th Cir. 2002). If "'resort to the administrative process would be either futile or inadequate,'" exhaustion may not be required. *Id*. (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302-03 (9th Cir.1992)). In *Robb v. Bethel School District*, the Ninth Circuit explained when exhaustion of administrative remedies is required:

> The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary. Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem.

*Robb*, 308 F.3d 1047, 1050 (9th Cir. 2002).

This Court has jurisdiction to enforce an *unappealed* order issued as a result of an IDEA due process hearing. *Porter*, 307 F.3d at 1071 ("Requiring exhaustion of California's CRP to file suit based on a failure to implement an unappealed administrative order would add an additional step of administrative exhaustion not contemplated by the IDEA. Once a due process hearing issues an order that is not appealed by either party, the IDEA requires that the order be treated as 'final.' 20 U.S.C. § 1415(i)(1)(A)."). However, this Court cannot simultaneously enforce an administrative order and consider an appeal of that same administrative order. In *Moubry v. Independent School Dist. No. 696 (Ely)*, a case involving similar facts to the instant case, the District of Minnesota dismissed the plaintiff's claim for enforcement of the hearing officer's

---

[3] Effective July 1, 2005, IDEA was generally amended by Individuals with Disabilities Education Act of 2004. Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004),

4

order because plaintiffs had also appealed the order. *Moubry*, 951 F.Supp. 867, 885-86 (D.Minn.1996). That court held that "the Plaintiff's claim is fundamentally flawed, for it impermissibly seeks protection from what, at this point, is only an anticipatorily adverse ruling by this Court." *Id*. at 886.

During oral argument, Plaintiffs' counsel stated that the Plaintiffs no longer seek to enforce the IEP for the 2005-2006 school year. Instead, Plaintiffs' counsel informed the Court that the present purpose of the instant action is to appeal the decision of the Hearing Officer, especially in light of events that have occurred or information that has become available in the time period since the Hearing Officer's decision was rendered. Accordingly, based both on the unusual procedural posture of the case and counsel's statements at oral argument, the Court will grant the District's motion for judgment on the pleadings. Plaintiffs shall have leave to amend the complaint in order to clarify that they seek only to appeal the Hearing Officer's decision.

**B.     Plaintiffs' Motion for Leave to Conduct Discovery and Supplement the Record**

In a civil action brought under the IDEA, appealing an administrative decision, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.A. § 1415(i)(2)(B). The Ninth Circuit has held that, because "additional" evidence is necessarily "supplemental," 20 U.S.C. § 1415 "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993). Reasons for supplementing the record "might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id*. at 1473. The court must be "careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Id*.

Plaintiffs now move for leave "to conduct discovery related to an independent evaluation

5

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING
PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

of SM's current educational needs and program provided by the District to meet those needs," and "to supplement the record with the results of such discovery, as well as any and all information obtained following the hearing relevant to the transition ordered and the program provided for the 2005-2006 school year which was the subject of the hearing and this appeal." Motion for Leave to Conduct Discovery and Supplement the Record, pp. 6-7. Also, Plaintiffs move for leave "to supplement the record with the results of clinical observations of SM in the school district placement now that he is there." *Id*., p. 7.

The District opposes the motion on two grounds. First, to the extent that Plaintiffs move to conduct discovery and supplement the record in order to support their claim for enforcement of the IEP for the 2005-2006 school year, the District argues that Plaintiffs' enforcement claim is barred for failure to exhaust administrative remedies. Because it concludes that the District's motion for judgment on the pleadings is well taken, the Court agrees that Plaintiffs' claim for enforcement does not justify additional discovery and supplementation of the record.

Second, to the extent that Plaintiffs move to conduct discovery and supplement the record in order to support their appeal of the Hearing Officer's decision, the District argues that Plaintiffs have not met their burden in demonstrating that additional evidence should be admitted. The District has made a detailed and reasonable argument that Plaintiffs had a sufficient opportunity to observe the District's program prior to the due process hearing, that additional testimony will simply repeat or embellish testimony offered at the due process hearing, and that additional discovery and supplementation of the record is not necessary. In response, Plaintiffs have not met their "threshold burden of demonstrating, at the time of the request, that the supplemental evidence should be admitted." *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17*, 82 F.Supp.2d 1174, 1179 (E.D. Wash. 2000); *accord E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 569 (8th Cir. 1998). Plaintiffs have not shown specifically how and why additional discovery and supplementation of the record is necessary. Instead, they have argued generally, with very little reference to specific legal authority or evidence and testimony already heard at the due process hearing, that discovery and

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING
PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

supplementation is necessary for the dual purposes of appealing the Hearing Officer's decision and enforcing it. Accordingly, the Court will deny Plaintiffs' motion for leave to conduct discovery and supplement the record, without prejudice to a renewed motion to conduct discovery and supplement the record that is fact-specific and directed specifically to the appeal of the Hearing Officer's decision.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the District's motion for judgment on the pleadings is GRANTED. Plaintiffs shall file an amended complaint within thirty (30) days[4] to clarify that they seek only to appeal the Hearing Officer's decision.

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to conduct discovery and supplement the record is DENIED without prejudice.

DATED: June 2, 2006

JEREMY FOGEL
United States District Judge

---

[4] The Court notes that Plaintiffs' counsel will be unavailable for the period beginning June 20, 2006 and through August 1, 2006. The Court anticipates that Plaintiffs' counsel will have sufficient time within which to file an amended complaint. However, if Plaintiffs' counsel requires additional time, she may file a written request that demonstrates why such additional time is required.

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)

1  This Order has been served upon the following persons:

2  Kathryn E. Dobel     spedlaw@comcast.net

3  Amy R. Levine     alevine@mbdlaw.com, mhensel@mbdlaw.com; astewart@mbdlaw.com

4  Kathryn Elizabeth Dobel
   Law Office of Kathryn Dobel
5  2026 Delaware St.
   Berkeley, CA 94709

8

Case No. C 05-04618 JF
ORDER (1) GRANTING DISTRICTS MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) DENYING
PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND SUPPLEMENT THE RECORD
(JFLC1)